IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PARK CITY WATER AUTHORITY, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 09-0240-WS-M |
| NORTH FORK APARTMENTS, L.P., et al., ) ) ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the motion of the North Fork defendants for reconsideration. (Doc. 30). They and the plaintiff have each filed a brief in support of their respective positions, (Docs. 31, 37), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be denied.

## DISCUSSION

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc); *accord Sabatier v. Sun Trust Bank*, 301 Fed. Appx. 913, 914 (11th Cir. 2008). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182,

1185 (S.D. Ala. 2007) (internal quotes omitted).[1]

In ruling on the North Fork defendants' motion to dismiss, the Court concluded that none of these defendants was a defendant under Counts One, Three, Four, Five or Six of the complaint. The Court further ruled that Apartments is a defendant under Count Two and that all North Fork defendants are defendants under Count Seven. (Doc. 29). The North Fork defendants do not challenge these rulings. Instead, they argue that the Court erred in rejecting an argument they made with respect to Counts Two and Seven.

## II.  Count Two (Declaratory Judgment).

The North Fork defendants' argument in their principal brief on motion to dismiss was confined to a single sentence: "There are no allegations stated in Count Two against any of the North Fork defendants." (Doc. 8, ¶ 4). The Court disagreed, because the body of Count Two makes explicit allegations against Apartments. (Doc. 29 at 7).

In their reply brief, the North Fork defendants made a new argument, compressed into three sentences: that "there is no bona fide justiciable controversy between [the plaintiff] and the North Fork Defendants" because the complaint "merely alleges that some of the North Fork Defendants engaged in perfectly legal actions" rather than making allegations "which would give rise to an actual controversy that this Court could adjudicate." (Doc. 27, ¶ 8). The Court declined to consider this argument, because

---

[1] While *Mays* involved a post-judgment motion under Rule 59(e), courts within this Circuit have often applied its holding to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

"[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply." (Doc. 29 at 11-12). On motion to reconsider, the North Fork defendants argue that the Court erred by failing to consider its tardy argument. (Doc. 31 at 2-3).

The North Fork defendants do not dispute the Court's statement of the rule.[2]

---

[2] They would be hard pressed to do so, given the ubiquity of the rule. This year alone, judges in over 40 districts have acknowledged the rule. *See Gates Corp. v. Dorman Products, Inc.*, 2009 WL 4675099 at *2 (D. Colo. 2009); *Adbudkhalik v. City of San Francisco*, 2009 WL 4282004 at *8 n.4 (S.D. Cal. 2009); *Valentine v. First Advantage Saferent, Inc.*, 2009 WL 4349694 at *9 (C.D. Cal. 2009); *American Automobile Association, Inc. v. Advanced American Auto Warranty Services, Inc.*, 2009 WL 3837234 at *4 n.2 (E.D. Mich. 2009); *Doscher v. Swift Transportation Co.*, 2009 WL 3831542 at *4 (W.D. Wash. 2009); *Stevens v. Anne Arundel County Board of Education*, 2009 WL 3806374 at *2 n.8 (D. Md. 2009); *Elite Enterprises, Inc. v. Liberty Steel Products, Inc.*, 2009 WL 3822949 at *10 n.8 (N.D. Ind. 2009); *Carter v. Carter*, 2009 WL 3242095 at *4 n.2 (D. Idaho 2009); *Jones v. Quintana*, 2009 WL 3126544 at *16 n.17 (D.D.C. 2009); *In re: Mack*, 2009 WL 3094891 at *2 n.3 (D. Nev. 2009); *Zarro v. Spitzer*, 2009 WL 3165761 at *4 n.4 (N.D.N.Y. 2009); *American Family Life Insurance Co. v. Intervoice, Inc.*, 2009 WL 3063415 at *6 n.4 (M.D. Ga. 2009); *Higgins v. Potter*, 2009 WL 2993816 at *1 n.2 (D. Kan. 2009); *C.B. v. Pittsford Central School District*, 2009 WL 2991564 at *2 n.3 (W.D.N.Y. 2009); *Earnhart v. Countrywide Bank*, 2009 WL 2998055 at *7 (W.D.N.C. 2009); *Martens v. Secretary, Department of Corrections*, 2009 WL 2948518 at *1 (M.D. Fla. 2009); *Clark v. Jones*, 2009 WL 2972379 at *7 n.13 (W.D. Okla. 2009); *Nicholson v. Prime Tanning Corp.*, 2009 WL 2900042 at *1 n.1 (W.D. Mo. 2009); *Worldnet Telecommunications, Inc. v. Telecommunications Regulatory Board*, 2009 WL 2778058 at *10 (D.P.R. 2009); *Importers Service Corp. v. GP Chemicals Equity, LLC*, 2009 WL 2600547 at *7 (N.D. Ga. 2009); *RSUI Indemnity Co. v. Louisiana Rural Parish Insurance Cooperative*, 2009 WL 2606092 at *3 (W.D. La. 2009); *Harvey v. Bennett*, 2009 WL 2568551 at *4 n.1 (E.D.N.Y. 2009); *Merrill, Lynch, Pierce, Fenner & Smith v. Greystone Servicing Corp.*, 2009 WL 2568323 (N.D. Tex. 2009); *Alfonso v. Tri-Star Search LLC*, 2009 WL 2517080 at *6 (D. Ore. 2009); *Iteld, Bernstein & Associates, LLC v. Hanover Insurance Group*, 2009 WL 2496552 at *4 (E.D. La. 2009); *Irvine v. Reliance Standard Life Insurance Co.*, 2009 WL 2231681 at *5 (D. Minn. 2009); *Agnew v. United States*, 2009 WL 2151185 at *3 n.2 (D. Conn. 2009); *Freeman v. Hulick*, 2009 WL 1851141 at *2 n.1 (N.D. Ill. 2009); *Bishop v. Sam's East, Inc.*, 2009 WL 1795316 at *5 (E.D. Pa. 2009); *Profile Products LLC v. Encap, LLC*, 2009 WL 1686540 at *2 (W.D. Wis. 2009); *International-Matex Tank Terminals v. Chemical Bank*, 2009

Instead, they argue that the rule applies only when the movant "present[s] new, independent grounds" for granting its motion and does not apply when the movant merely "respond[s] to or rebut[s] an argument made by" the non-movant.  (Doc. 31 at 3).  They insist they did only the latter, but they plainly accomplished the former.

As noted, the North Fork defendants' initial brief argued only that Count Two made no allegations against them.  Their reply brief, in contrast, argued that the allegations made against them were not such as to support declaratory relief.  That is, the North Fork defendants went from arguing there *were not* allegations against them to conceding there *were* allegations against them but arguing that these allegations were

---

WL 1651291 at *2 (W.D. Mich. 2009); *American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc*., 2009 WL 775104 at *1 (D. Ariz. 2009); *Superior Production Partnership v. Gordon Auto Body Parts Co.*, 2009 WL 1394835 at *2 (S.D. Ohio 2009); *Heimlicher v. Steele*, 615 F. Supp. 2d 884, 919 n.16 (N.D. Iowa 2009); *North Idaho Community Action Network v. Hofmann*, 2009 WL 1076165 at *6 (D. Idaho 2009); *Smith Interior Design Group, Inc. v. Bryant*, 2009 WL 996054 at *4 n.1 (S.D. Fla. 2009); *Langston v. North American Asset Development Corp*., 2009 WL 941763 at *5 n.7 (N.D. Cal. 2009); *Emigra Group, LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 349 (S.D.N.Y. 2009); *McSwain v. Schrubbe*, 2009 WL 728453 at *3 (E.D. Wis. 2009); *Thomas v. Correctional Medical Services, Inc*., 2009 WL 737105 at *13 (D.N.J. 2009); *United States ex rel. Becker v. Tools & Metals, Inc.*, 2009 WL 577604 at *3 (N.D. Tex. 2009); *Pogge v. Sheet Metal Workers International Association Local 3*, 2009 WL 324174 at *3 (D. Neb. 2009); *Lincoln General Insurance Co. v. Access Claims Administrators, Inc*., 596 F. Supp. 2d 1351, 1372 n.10 (E.D. Cal. 2009).

Federal courts in Alabama have likewise often followed the rule.  *E.g., Citigroup Global Markets Realty Group v. City of Montgomery*, 2009 WL 4021803 at *3 n.5 (M.D. Ala. 2009) (J. Watkins); *Caribbean I Owners' Association, Inc. v. Great American Insurance Co.*, 600 F. Supp. 2d 1228, 1245 n.21 (S.D. Ala. 2009) (J. DuBose); *Puckett v. McPhillips Shinbaum*, 2008 WL 906569 at *24 n.16 (M.D. Ala. 2008) (J. DeMent). This Court as well has invoked the rule frequently.  *E.g., Abrams v. Ciba Special Chemicals Corp*., 2009 WL 3261264 at *7 n.16 (S.D. Ala. 2009); *Trotter v. Columbia Sussex Co.*, 2009 WL 3158189 at *6 (S.D. Ala. 2009); *Waddell v. Holiday Isle, Inc*., 2009 WL 2413668 at *4 n.5 (S.D. Ala. 2009); *Evans v. Infirmary Health Services, Inc*., 634 F. Supp. 2d 1276, 1285 n.14 (S.D. Ala. 2009).  And the Eleventh Circuit, from which the rule descends, has followed this rule "repeatedly."  *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (citing eight representative cases).

legally insufficient. This is the epitome of a new and independent ground for relief; indeed, they are alternative and mutually exclusive arguments, as both could not be correct.

The North Fork defendants suggest that the argument raised in their opening brief was really that "there are no allegations made against [Apartments] *upon which a declaratory judgment could be rendered*," (Doc. 31 at 2 (emphasis added)), which would make their reply argument roughly the same as their original argument. The trouble is that the North Fork defendants patently did not make such an argument initially. Instead, they argued only that "[t]here are no allegations stated in Count Two against [Apartments]," *period*. (Doc. 8, ¶ 4).[3] Whatever argument the North Fork defendants may have intended to make, or wish they had made, they are confined to the argument they actually did make.

It may be true, as the North Fork defendants assert, that the argument in their reply brief was made in response to the plaintiff's pointing out in its opposition brief various allegations against Apartments in Count Two. (Doc. 31 at 2-3). This may explain why the North Fork defendants made a new argument in reply (i.e., their original argument was exposed as incorrect, leaving them to search for a new one), but it does not excuse their failure to assert the argument initially.

## II. Count Seven (Conspiracy).

Count Seven alleges that the defendant utilities board "has conspired with the other Defendants in order to duplicate the services of [the plaintiff] in breach of Ala. Code §

---

[3] The dichotomy in arguments is accentuated by the conclusion of the North Fork defendants' opening brief: "Of the seven counts, the only one that even mentions the North Fork Defendants is the conspiracy claim, and yet this count fails to allege even the most basic requirements of a conspiracy claim." (Doc. 8, ¶ 11). This language emphasizes the already obvious fact that the only argument raised as to Count Two was the failure to mention the North Fork defendants, not the failure "to allege even the most basic requirements" of a claim against them.

11-50-1.1." (Doc. 4, ¶ 76).

In their initial brief, the North Fork defendants noted that "a civil conspiracy cannot exist in the absence of an underlying tort" and that, "[a]s demonstrated above, [the plaintiff] has failed to allege a viable underlying tort in conjunction with its civil conspiracy claim." (Doc. 8, ¶ 9).

In their reply brief, the North Fork defendants argued that, "because all of [the plaintiff's] other claims are due to be dismissed, the conspiracy claim must be dismissed as well. ... In essence, every count either alleges a conspiracy, or alleges that the North Fork Defendants violated a statute which only applies to water service providers, and [the plaintiff] does not allege that any of the multiple North Fork Defendants are a water service provider.  Thus, the conspiracy claim is due to be dismissed because [the plaintiff] has failed to allege a viable underlying tort in conjunction with its civil conspiracy claim." (Doc. 27, ¶ 13).

In denying the North Fork defendants' motion to dismiss, the Court ruled that the North Fork defendants had not "attempted to show that the plaintiff cannot prove a violation of Section 11-50-1.1, which is the underlying wrong expressly alleged for purposes of Count Seven and the conspiracy claim therein." (Doc. 29 at 13).

On motion to reconsider, the North Fork defendants argue that Count Seven fails because it "do[es] not allege that any of the North Fork Defendants engaged in an underlying tort, which is required in order to properly assert a conspiracy claim under Alabama law." (Doc. 30 at 1).

As noted, a motion to reconsider cannot be used to present new arguments in support of the underlying motion.  While the North Fork defendants previously argued that the conspiracy claim fails for want of an underlying wrong, period, on motion to reconsider they argue that the conspiracy claim fails for want of an underlying wrong specifically by them, as opposed to an underlying wrong by another conspirator.  This is

not a proper use of a motion to reconsider.[4]

Even if the argument were one that could be properly presented on motion to reconsider, the North Fork defendants have not supported it. They have cited three cases, none of which supports the proposition that a member of a civil conspiracy cannot be found liable for conspiracy unless that member itself, as opposed to another member of the conspiracy, committed the underlying wrong on which the conspiracy claim is based. In *Jones v. BP Oil Company*, 632 So. 2d 435 (Ala. 1993), on which the North Fork defendants place principal reliance, a claim for conspiracy to violate the Dram Shop Act, brought against a store owner and the minor to which it sold alcohol, failed because the owner — the only defendant who could possibly violate the Act — did not violate the Act. *Id*. at 437-39. *Jones* would be relevant had the North Fork defendants shown that the utilities board — apparently the only defendant that can violate Section 11-50-1.1 — did not violate it, but they did not attempt to do so.

*Jones* is one of many cases standing only for the unremarkable proposition that when a plaintiff can prove no underlying wrong, a claim of conspiracy to commit the underlying wrong must fail. The North Fork defendants' other two cases fall in the same category. *Swann v. Regions Bank*, 17 So. 3d 1180, 1194-95 (Ala. 2008); *Goolesby v. Koch Farms*, LLC, 955 So. 2d 422, 430 (Ala. 2006). Because the North Fork defendants have not shown that the plaintiff cannot prove that the utilities board violated Section 11-

---

[4]The North Fork defendants assert that their previous briefs did in fact argue that, for them to be liable for civil conspiracy, they (as opposed to some other conspirator) must have committed an underlying wrong. (Doc. 31 at 4). It may be possible to tease out such an argument from the North Fork defendants' briefing as quoted in text, but they did not articulate such a fine distinction, and the Court cannot be faulted for failing to divine it. *E.g., Wilson v. Midland Credit Management, Inc*., 2009 WL 2059332 at *1 n.1 (S.D. Ala. 2009) (a party "'must spell out his arguments squarely and distinctly'" (quoting *Higgins v. New Balance Athletic Shoe, Inc*., 194 F.3d 252, 260 (1st Cir. 1999)); *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) ("'Judges are not like pigs, hunting for truffles buried in briefs.'") (internal quotes omitted).

50-1.1, they have not shown that the conspiracy claim must fail for want of an underlying wrong.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration is **denied**.

DONE and ORDERED this 14th day of December, 2009.

                                           s/ WILLIAM H. STEELE
                                           UNITED STATES DISTRICT JUDGE