# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PARK CITY WATER AUTHORITY, INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 09-0240-WS-M ) |
| NORTH FORK APARTMENTS, L.P., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of the Board defendants for leave to amend their answer. (Doc. 53). The plaintiff has filed a brief in opposition, (Doc. 56), and the motion is ripe for resolution.

The motion seeks leave to amend, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] This language "evinces a bias in favor of granting leave to amend," *Dussouy v. Gulf Coast Investment Corp.*, 661 F.2d 594, 597 (5th Cir. 1981), and Eleventh Circuit law is clear that leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted). The plaintiff's position that the Board defendants "must provide the court with some basis to exercise its discretion," (Doc. 56, ¶ 2), is rejected as contrary to this authority. It is instead up to the plaintiff to

---

[1] Because the Board defendants filed their motion within the time allowed by the Rule 16(b) scheduling order, they need not show good cause as a predicate to amendment. See Fed. R. Civ. P. 16(b)(4).

articulate some reason that amendment should be denied.[2]

The plaintiff asserts it will be substantially disadvantaged or prejudiced if amendment is allowed, because it has tailored its case preparation to the original 14 affirmative defenses asserted by the Board defendants and because it might have sought different discovery limits had it known the Board defendants would add eleven more affirmative defenses now. (Doc. 56, ¶¶ 5-6). Discovery, however, extends into September, (Doc. 48), so the plaintiff has adequate time to explore the new defenses. Moreover, the plaintiff itself requested the Magistrate Judge to allow the defendants until June 3 to amend their pleadings, (Doc. 43 at 5, ¶ 6), so it can hardly complain that the Board defendants filed their motion on May 14. The plaintiff identifies no case approving denial of leave to amend under similar circumstances.

The plaintiff's only other argument is that the Board defendants should have asserted several of their affirmative defenses in their previously filed motion to dismiss and that others (apparently advanced by other defendants) were rejected in the Court's order on motion to dismiss. (Doc. 56, ¶ 7). The plaintiff presumably intends thereby to invoke futility as a ground to deny amendment. This argument is insufficiently developed to allow its consideration by the Court and thus inadequate to justify denial of leave to

---

[2]In a similar vein, the plaintiff suggests the motion violates Rule 7(b)(1), which requires that a motion "state with particularity the grounds for seeking the order." (Doc. 56, ¶ 3). While Rule 7(b) applies to motions under Rule 15(a), "[t]he particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint." *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983); *see also Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (in order to comply with Rule 7(b), "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). The Board defendants filed a proposed amended complaint, (Doc. 53, Exhibit A), and so complied with Rule 7(b). Moreover, the motion expressly asserts that the Board defendants seek leave to amend in order to include several additional affirmative defenses that "have become applicable in this case in part because of the pleadings and positions taken by the Plaintiff and parties in collateral litigation currently pending in the Circuit Court of Baldwin County." (Doc. 53, ¶ 4). Rule 7(b) requires no more.

amend. The plaintiff remains free to seek dismissal of any particular affirmative defense or defenses as appropriate.

For the reasons set forth above, the motion for leave to amend is **granted**. The Board defendants are ordered to file and serve their amended answer on or before **June 1, 2010**.

DONE and ORDERED this 26th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE