IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PARK CITY WATER AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00240-WS-N |
| ) | |
| NORTH FORK APARTMENT, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is now before the undersigned Magistrate Judge on the following: (1) a Second Motion for Court Intervention or, alternatively, for an Extension of Time to File Written Discovery (doc. 84) filed by the plaintiff, Park City Water Authority ("Park City"); (2) an Emergency Motion To Quash Depositions (doc. 85) filed by Alabama Rural Water Association, Inc. ("ARWA"), Kathy Horne and Catherine Phillips, defendants herein; and (3) the Response in Opposition (doc. 86) filed by North Fork Apartments, L.P., Brec Development L.L.C., Spitfire Funding, L.L.C., Spitfire Realty, L.L.C., Highland Mortgage Company, Inc., Eric Lipp, Steven Hydinger and Robert Field (collectively "North Fork"), defendants herein,[1] to Park City's request for an extension of time and a request contained therein that Park City's *duces tecum* requests served on

---

[1] Plaintiff has scheduled the depositions of the North Fork defendants, specifically Eric Lipp, Steven Hydinger and North Fork Rule 30(b)(6) representative for September 28, 2010. *See* Doc. 85-2. Plaintiff and North Fork concede that these were among the dates North Fork declared it was available for the depositions. Doc. 84 at ¶ 2; Doc. 86 at 12. Plaintiff also concedes that North Fork's insistence that these depositions be taken in Birmingham "is their right." Doc. 84 at ¶ 2. The only objection asserted by North Fork to plaintiff's scheduling of these depositions on September 28th is to the *duces tecum* requests contained therein. These depositions should, therefore, go forward in Birmingham at a location agreed upon by counsel but without the *duces tecum* requests, which are herein declared untimely.

North Fork on August 18, 2010, be stricken as untimely. Upon consideration of these matters and all pertinent portions of the record, it is **ORDERED** as follows:

1. ARWA's motion to quash is **GRANTED** in part and **DENIED** in part as follows:

(a) The deposition of Catherine Phillips as presently noticed for September 27, 2010, is hereby **QUASHED** due to the inability of Kathy Horne, as Executive Director of ARWA, to attend the deposition. It is, however, **FURTHER ORDERED** that the deposition of Catherine Phillips be re-noticed for **Friday, October 1, 2010**, in **Montgomery, Alabama**, at such location as counsel shall agree upon.[2]

(b) The deposition of Kathy Horne in her individual capacity is hereby **QUASHED** inasmuch as that deposition was already taken on September 16, 2010.

(c) ARWA's motion to quash the deposition of its Rule 30(b)(6) representation, Kathy Horne, is hereby **DENIED** and such deposition shall take place **Friday, October 1, 2010**, in **Montgomery, Alabama**, at such location as counsel shall agree upon.[3]

2. Park City's motion for Court intervention and for an extension of the deadline to complete depositions for an additional ten (10) days is hereby **DENIED**.

---

[2] Park City has declared that it has "ma[de] itself available for every date in September and on October 1" for depositions. *See* Doc. 84 at ¶ 2. ARWA advised Park City Kathy Horne "will not be back in Montgomery until sometime on Thursday, the 30th." *See* Doc. 85-3. Consequently, the ARWA depositions can be scheduled for Friday, October 1, 2010.
[3] *See* n. 1, *supra*.

2

3. North Fork's request that Park City's *duces tecum* requests be stricken (doc. 86) as untimely is hereby **GRANTED**. As stated in the well reasoned opinion of Epling v. UCB Films, Inc.:

> It is well settled that Fed.R.Civ.P. 30(b)(5) provides that any deposition notice which is served on a "party deponent" [Footnote omitted] and which requests documents to be produced at the deposition must comply with the thirty-day notice requirement set forth in Fed.R.Civ.P. 34. . . . Rule 30(b)(5) provides that a "notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request." Rule 34 grants respondents thirty days to file a written response after service of requests for production. A party may not unilaterally shorten that response period by noticing a deposition and requesting document production at that deposition.

2000 WL 1466216, * 8 (D. Kan. Aug. 7, 2000)(internal citations omitted). As applied to this case, Park City failed to provide sufficient time for North Fork to comply with the request prior to the conclusion of discovery on September 1, 2010, as set forth in the Rule 16(b) Scheduling Order governing this case (doc. 48).[4]

**DONE** this 24th day of September, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff served the *duces tecum* requests at issue by email at 9:05 p.m. on August 18, 2010, and North Fork immediately objected on, *inter alia*, timeliness grounds. *See* Doc. 86 at ¶ ¶ 5-6 and Exhs. A and B. These notices were not filed with the Court. On August 25, 2010, a hearing was held to resolve several discovery disputes. An Order was entered on August 26, 2010, which extended discovery until October 1, 2010, for the "*sole*" purpose of allowing the outstanding depositions to go forward. Doc. 75 (emphasis in original). Despite this restriction, plaintiff filed a notice on September 1, 2010 of serving written discovery requests on each of the defendants, including North Fork (doc. 78). On September 7, 2010, plaintiff filed a request for extension of time to file written discovery (doc. 80) which was denied (doc. 81).