# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PARK CITY WATER AUTHORITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0240-WS-N |
| | ) |
| NORTH FORK APARTMENTS, L.P., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the North Fork defendants' amended motion for summary judgment. (Doc. 103).[1] The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 96, 103, 110, 114),[2] and the motion is ripe for resolution. After carefully considering the same, the Court concludes that the motion is due to be granted in part and denied in part.[3]

---

[1] Their initial motion for summary judgment, (Doc. 96), is **denied as moot**. As noted in the order granting leave to file the amended motion, (Doc. 102), the submission of amended affidavits with the amended motion does not eliminate the original affidavits from the record.

[2] Neither side complied with the Court's directive to submit a courtesy hard copy of exhibits when they exceed 50 pages in the aggregate. (Doc. 48 at 8).

[3] The plaintiff's embedded motion to strike the North Fork defendants' statement of material facts or, in the alternative, to dismiss the motion for summary judgment, (Doc. 110 at 4), is **denied**. While the North Fork defendants did not file a separate document containing their proposed determinations of uncontroverted fact, the statement of facts contained in their brief performed the same service, as the plaintiff recognizes by responding to it, numbered paragraph by numbered paragraph. (*Id*. at 5-12).

# BACKGROUND[4]

The plaintiff is a water authority established pursuant to Alabama statute. Its creation included establishment of a legally protected service area. Shortly after its 1977 incorporation, the plaintiff (which has no water treatment facilities of its own) contracted with the Utilities Board of the City of Daphne ("the Board") to obtain water to serve its customers.

The North Fork defendants include North Fork Apartments, L.P. ("Apartments"), BREC Development, Spitfire Funding LLP, Spitfire Realty, LLC, Highland Mortgage Company ("Highland"), Eric Lipp, Steven Hydinger, and Robert Field. In 1997, Field (through Apartments and Highland) began planning an apartment complex in the plaintiff's service area. In early 2009, and at the urging of the Alabama Rural Water Association ("the Association"), the plaintiff entered a new contract with the Board to upgrade its water use capacity in order to accommodate the North Fork project. The 2009 contract includes several provisions to which the plaintiff objects.

According to the amended complaint, the Board has sold, and still does sell, water within the plaintiff's territory. It encroaches on the plaintiff's territory and acts in competition for water service within the territory by conspiring with developers and others.

The amended complaint names as defendants the Board, the Association, and several individuals connected with them. After this motion was filed, all claims against the Board, the Association, and these individuals were dismissed with prejudice due to settlement. (Doc. 105).

Following settlement and rulings on the defendants' motions to dismiss, (Doc. 29), only two claims remain in the action. Count Two seeks a declaratory judgment against

---

[4] All statements of underlying fact in this section are taken from the amended complaint. (Doc. 4). Their inclusion in this section does not constitute them uncontroverted facts for purposes of summary judgment.

Apartments under 28 U.S.C. §§ 2201 and 2202. Count Seven remains as to all of the North Fork defendants. It alleges that the Board "for its own financial gain has conspired with the other Defendants in order to duplicate the services of [the plaintiff] in breach of Ala. Code § 11-50-1.1 (1994)." (Doc. 4 at 17-18).

## DISCUSSION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

The parties have submitted a number of exhibits, some of which they have not referenced in their briefs or have referenced only in part.[5] There is no burden on the Court to identify unreferenced evidence supporting a party's position.[6] Accordingly, the Court limits its review to the exhibits, and the specific portions of the exhibits, to which the parties have expressly cited.

Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those legal arguments the parties have expressly advanced.[7]

**I. Conspiracy.**

"[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy." *Flying J Fish Farm v. Peoples Bank*, 12 So. 3d 1185, 1196 (Ala. 2008)

---

[5] By local rule, "[i]f discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response." Local Rule 5.5(c). The same rule applies to depositions. *Id*. Rule 5.5(b). The parties were cautioned in advance to comply with these rules. (Doc. 48 at 6-7).

[6] Fed. R. Civ. P. 56(c)(1) (a party must "cit[e] to particular parts of materials in the record"); *id*. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so."); *see also* Local Rule 7.2.

[7] The North Fork defendants purport to "incorporate any and all other arguments made by their co-defendants' motions for summary judgment." (Doc. 103 at 1). They do not identify what arguments these might be, and the Court will not scour other parties' submissions to search for material that might play to the North Fork defendants' advantage and allow it to exceed the page limitation pertaining to briefing on motions for summary judgment. *See* Local Rule 7.1(b). Nor should the plaintiff, which was not required to respond to those other motions due to the dismissal of the other defendants, be forced to guess at these defendants' intentions.

(internal quotes omitted). Thus, where "the underlying claims … are properly disposed of on summary judgment, so is the conspiracy claim." *Id*. In short, the plaintiff's conspiracy claim cannot survive summary judgment unless the underlying claim under Section 11-50-1.1 could also survive. The North Fork defendants argue that the plaintiff has no viable substantive claim under Section 11-50-1.1 and thus no viable conspiracy claim. (Doc. 103 at 9).

Section 11-50-1.1 provides that "[m]unicipalities are hereby prohibited from acquiring, or duplicating any services of, any waterworks system or any part thereof, operated by a corporation or association which has been organized [as has the plaintiff], without the consent of a majority of the members of the governing board of said corporation or association." On its face, Section 11-50-1.1 prohibits only municipalities from duplicating services. While that term extends to municipal water boards, *City of Wetumpka v. Central Elmore Water Authority*, 703 So. 2d 907, 915 (Ala. 1997), it clearly does not extend to private actors, including all the Association defendants and all the North Fork defendants. Thus, the only defendant in this case that could violate Section 11-50-1.1 is the Board.

The North Fork defendants assert there has been no duplication of services by the Board because the apartment complex is receiving all its water from the plaintiff, not from the Board. (Doc. 103 at 9). The plaintiff does not disagree. Instead, it points to evidence that the North Fork defendants have themselves drilled two wells within the plaintiff's service territory, which water is being used to irrigate the apartment property. (Doc. 110 at 15). This is the only duplication of services asserted by the plaintiff, and it does not concern the Board – the only defendant as to which a viable claim under Section 11-50-1.1 could be stated.

Because the North Fork defendants have carried their initial burden of negating the plaintiff's ability to prove that the Board has duplicated the plaintiff's services, and because the plaintiff has not carried its resulting burden of showing the existence of a

genuine issue of fact in this regard, the North Fork defendants are entitled to summary judgment on the conspiracy claim.

## II. Declaratory Judgment.

Count Two against Apartments is based on the following allegations:

> At the direction and advice of the [Association], the [Board] and [Apartments] drafted letters and contracts favorable to [the Board] and [Apartments] which the [Association] provided to [the plaintiff], including the 2009 contract, to use and enter into, with the aforementioned defendants. The involvement of the [Board] and [Apartments] was concealed from the [plaintiff] by the [Association]. Said documents were written with the express purpose of defrauding the [plaintiff].

(Doc. 4, ¶ 62).[8] The gist of the plaintiff's objection is that it signed on to the 2009 contract because the Association, which stood in a fiduciary relation with the plaintiff, recommended its execution even though, unbeknownst to the plaintiff, the contract had been crafted by the Board and Apartments to protect their own interests at the expense of the plaintiff's.

Apartments lists three arguments in support of its motion for summary judgment: (1) its contact with the Association was not concealed because the plaintiff knew of it and gave express permission for it to occur; (2) because Apartments was not a party to the 2009 contract, and has no duties, obligations or liabilities thereunder, there can be no justiciable controversy; and (3) a state court has already determined the 2009 contract to be valid and enforceable. (Doc. 103 at 11-13). Apartments' spare treatment is insufficient to sustain its burden on motion for summary judgment.

---

[8] The plaintiff appears to believe that the entirety of its declaratory judgment claim remains pending. (Doc. 110 at 18). It does not. The Court has previously ruled that only the Board is a defendant to paragraphs 56-61 of Count Two, (Doc. 29 at 6), and all claims against the Board have been dismissed on the parties' settlement. (Doc. 105).

Apartments in its very brief argument section cites no evidence supporting any of its grounds, thereby improperly inviting the Court to scour its extensive factual recital to divine evidence on which Apartments may intend to rely in support of its articulated arguments. As Apartments itself acknowledges, "[i]t is not this Court's job to search the record for evidence supporting PCWA's claims." (Doc. 114 at 4). By the same token, it is not the Court's job to search for evidence supporting Apartments' motion.

With respect to its first argument, Apartments apparently would rely on a letter from the plaintiff to Lipp and Hydinger. (Doc. 103 at 4-5). Apartments does not identify the language within this letter on which it relies, but it appears to be the following: "You do not need our permission to contact the [Association] to offer any opinion or information to them regarding the project that you feel may be necessary, but they may not be able to give you definitive answers to any questions you may have." (*Id.*, Exhibit K at 1). The quoted language may support the proposition that the plaintiff gave Apartments tacit permission (though none was needed) to contact the Association, but it does not support the proposition that the plaintiff knew or should have known that Apartments had not merely provided the Association with opinions, information and questions but had affirmatively drafted the letters and contracts which the Association passed off to the plaintiff as its own product, thereby obtaining the plaintiff's agreement to them.

As to Apartments' second argument, only the plaintiff and the Board are parties to the 2009 contract, but Apartments does not explain how this negates a justiciable controversy between the plaintiff and Apartments concerning Apartments' alleged role in the development of the contract. Simply positing, as Apartments does, that no justiciable controversy exists carries no burden on motion for summary judgment.[9]

---

[9] Apartments begins the argument section of its attack on the declaratory judgment claim with a brief mention of the Alabama Declaratory Judgments Act, including a reference to its application to questions of contract. (Doc. 103 at 11-12). Even if Apartments intends this unconnected paragraph – which merely quotes statutory language – to support its second (Continued)

Apartments' third argument invokes the doctrine of res judicata. "[R]es judicata is an affirmative defense which must be pled, and may be waived, by the defendant." *Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir. 2004); *see also* Fed. R. Civ. P. 8(c) (identifying res judicata as an affirmative defense). "Failure to plead an affirmative defense generally results in a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). The North Fork defendants' answer does not preserve a defense of res judicata. (Doc. 39).[10] While this omission

---

argument, it has not explained how the Alabama act is even relevant to, much less dispositive of, the plaintiff's claim, which is brought under the federal Declaratory Judgments Act.

In its reply brief, Apartments complains that the plaintiff "bears the burden of providing substantial evidence that it is engaged in a justiciable controversy with" Apartments. (Doc. 114 at 4). Because Apartments did not carry its initial burden, however, no burden ever passed to the plaintiff.

[10] Their answer purports to "adopt and incorporate any and all affirmative defenses asserted by any other defendant to this action." (Doc. 39 at 10). While "[a] statement in a pleading may be adopted by reference … in any other pleading," Fed. R. Civ. P. 10(c), this rule allows incorporation only from pleadings filed prior to the incorporating pleading. *E.g., Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977); *accord* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1326 at 429 (3rd ed. 2004). This limitation makes sense from at least two perspectives. First, unless the incorporated pleading has already been filed, the incorporating pleading cannot provide the "direct and explicit" references to the incorporated material that the rule requires. *Id*. at 431; *accord Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006); *Kolling v. American Power Conversion Corp.*, 347 F.3d 11, 17 (1st Cir. 2003). Second, if the incorporated pleading has not been filed, it would be difficult if not impossible for the incorporating party or its counsel to satisfy Rule 11(b)'s requirement that it certify it has conducted an inquiry reasonable under the circumstances and thereupon believes the incorporated material is warranted by law and has or likely will have evidentiary support.

The North Fork defendants' answer was filed prior to the answers of the other defendants, so it cannot properly incorporate any affirmative defenses they raise. Even had the other answers been filed earlier, the North Fork defendants' wholesale adoption of "any and all" affirmative defenses raised by their co-defendants would not satisfy the "direct and explicit" requirement. Nor is it clear that the North Fork defendants' purported adoption of the defenses of municipal immunity, qualified immunity and the municipal non-claims statute (raised by the Board defendants) could withstand scrutiny under Rule 11. And finally, the co-defendants' answers do not raise a defense of res judicata. (Docs. 41, 52).

[8]

would ordinarily work a waiver of the defense, since the plaintiff raises no such argument the Court proceeds to examine it.

Apartments does not even list the elements of res judicata under Alabama law, much less address them. Nor does it refute the plaintiff's argument that the doctrine cannot apply here because the state court judgment is on appeal. (Doc. 110 at 19).[11] The Court will not undertake to investigate this defense and its applicability on Apartments' behalf. Even were res judicata to apply here, by Apartments' own argument it would preclude the plaintiff only from obtaining a declaration that the 2009 contract is invalid. (Doc. 103 at 12-13).[12] Apartments has failed to consider, much less address, other forms of declaratory relief the plaintiff may seek, such as a declaration that Apartments improperly involved itself in drafting the contract in a manner calculated to disadvantage the plaintiff.

In its reply brief, Apartments introduces a slew of new arguments: that the plaintiff has not identified the contracts and letters it believes were wrongly created; that it has not identified record evidence that Apartments was involved in drafting the 2009 contract or any other contracts or letters; that the plaintiff has not stated how it was injured by Apartments' conduct; and that it has not stated what the controversy is and whom it is between. (Doc. 114 at 3-4). As the North Fork defendants have been advised twice before, "[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply." (Doc. 29 at 11-12; Doc. 38 at 3 & n.2 (citing over 40 districts employing the rule in 2009)). The arguments that Apartments asserted in its

---

[11] On the contrary, Apartments suggests the Court should stay ruling on motion for summary judgment "until the state court's judgment has been finalized" by appeal. (Doc. 103 at 13 & n.7).

[12] With or without res judicata, it is not clear how the plaintiff could obtain such a declaration now, since it has dismissed the Board (the only other contracting party) from this lawsuit.

principal brief are listed and discussed above. They do not include the additional arguments asserted in its reply, which will not be considered herein.

## CONCLUSION

The motion for summary judgment is **granted** with respect to Count Seven and **denied** with respect to Count Two. Count Seven is **dismissed**. This case will proceed only with respect to the plaintiff's claim against Apartments under paragraph 62 of the amended complaint.

The plaintiff's recent settlement with the other defendants, and their consequent dismissal from the case, eliminates all claims over which the Court had original jurisdiction. Accordingly, the parties are **ordered** to file and serve, on or before **January 5, 2011**, their respective briefs setting forth and supporting their positions as to whether the balance of this action should be dismissed. *See* 28 U.S.C. § 1367(c)-(d).

DONE and ORDERED this 29th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE