IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PARK CITY WATER AUTHORITY, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION 09-0240-WS-N
)
NORTH FORK APARTMENTS, L.P., )
et al., )
)
    Defendants. )

## ORDER

As a result of settlements and Court orders, this case has been reduced to a single claim against North Fork Apartments, L.P. ("Apartments") for declaratory relief under the Declaratory Judgments Act. Because there appeared to be no remaining claim within the Court's original jurisdiction, the Court ordered the parties to brief whether the remaining portion of the action should be dismissed under 28 U.S.C. § 1367(c). (Doc. 116 at 10). The parties have complied, (Docs. 124-25), and the issue is ripe for resolution.

While the plaintiff's remaining claim is brought pursuant to the Declaratory Judgments Act, invoking that statute does not of itself implicate original jurisdiction. Rather, the Act requires that the plaintiff "allege facts showing that the controversy is within the court's original jurisdiction." *Household Bank v. Group*, 320 F.3d 1249, 1253 (11th Cir. 2009). That is, there must be "an underlying ground for federal court jurisdiction." *Id*. The plaintiff has identified no such basis, and the Court concludes that no original jurisdiction remains.

The Court has jurisdiction over the plaintiff's remaining claim only because it falls within its supplemental jurisdiction as provided in 28 U.S.C. § 1367(a). The Court is not required to exercise supplemental jurisdiction in all cases. In particular, "[t]he district

courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction ….." *Id*. § 1367(c)(3).

This language invests the Court with discretion to exercise, or not to exercise, supplemental jurisdiction. *Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 743 (11th Cir. 2006). In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted). However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The preference is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages." *Cohill*, 484 U.S. at 350. However, the preference also applies when the federal claims are eliminated on motion for summary judgment. *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Murphy v. Florida Keys Electric Cooperative Association*, 329 F.3d 1311, 1320 (11th Cir. 2003); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").[1]

---

[1] Other recent cases affirming a trial court's decision to decline supplemental jurisdiction after dismissing all federal claims on motion for summary judgment include *Dukes v. Georgia*, 212 Fed. Appx. 916, 917 (11th Cir. 2006); *Arnold v. Tuskegee University*, 212 Fed. Appx. 803, 811 (11th Cir. 2006); *Lingo v. City of Albany*, 195 Fed.
(Continued)

In such a situation, considerations of comity and fairness among the parties continue to favor dismissal. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").[2] Thus, retention of jurisdiction in this case is indicated only if considerations of judicial economy and convenience favor such retention and do so with sufficient force to outweigh the continuing pull of comity and fairness towards dismissal.

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker*, 468 F.3d at 746 (internal quotes omitted). The Court discerns no appreciable negative impact on judicial economy by dismissing this action. The declaratory judgment claim does not involve facts or law with which this Court is more familiar than its state-court brethren. On the contrary, because the plaintiff has already defended a state declaratory judgment action arising out of the same facts, the state court is more familiar with the underpinnings of the claim than is this Court.[3]

---

Appx. 891, 894 (11th Cir. 2006); *Austin v. City of Montgomery*, 196 Fed. Appx. 747, 755 (11th Cir. 2006); and *Ingram v. School Board*, 167 Fed. Appx. 107, 108-09 (11th Cir. 2006).

[2] Were dismissal of this action to leave the plaintiff unable to re-file its declaratory judgment claim in state court due to expiration of the statute of limitations, a serious question of unfairness would be presented. *E.g., Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998). Congress, however, has provided that, when a court declines to exercise supplemental jurisdiction, any state limitations period "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d). The Supreme Court has upheld this provision as constitutional. *Jinks v. Richland County*, 538 U.S. 456, 465 (2003). Thus, the plaintiff has the opportunity to pursue its state claim in state court without subjecting it to any limitations defense to which it is not already subject.

[3] Apartments suggests the state court action has already resolved the exact question presented by the pending declaratory judgment claim. Since, as discussed in a previous order, (Continued)

The plaintiff, its board members, its office manager, and the majority of likely witnesses live in Baldwin County. (Doc. 124 at 7-8). Apartments' principals all live in Birmingham, (*id*. at 7), so a Baldwin County venue is as convenient to them as a Mobile venue. The Court is unable to find that trial in Baldwin County will be less convenient than trial in Mobile.

After considering the factors identified by the Supreme Court and the Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over the plaintiff's remaining state-law claim. In such a situation, the correct disposition is dismissal without prejudice. *Dukes v. State of Georgia*, 212 Fed. Appx. 916 (11th Cir. 2006).[4]

For the reasons set forth above, the plaintiff's sole remaining claim – its state-law claim against Apartments for declaratory relief – is **dismissed without prejudice**. The Clerk is directed to close the file.

DONE and ORDERED this 13th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

Apartments never pinned down the plaintiff on exactly what relief it seeks under this claim, it is impossible to verify Apartments' assertion. (It would, for example, presumably be possible for the plaintiff to obtain a declaration that Apartments fraudulently induced the plaintiff to enter its contract with the Board even though the state court has ruled the contract valid and enforceable as between the plaintiff and the Board.) Apartments acknowledges it has not in the course of this litigation sought to clarify what rights the plaintiff seeks to have declared. (Doc. 124 at 7). Apartments' res judicata argument has been rejected for this reason, among others. (Doc. 116 at 8-9).

[4] Apartments suggests in the alternative that the Court should decline to exercise its discretion to hear a declaratory judgment claim, under the analysis of *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). (Doc. 124 at 8). This argument could and should have been raised on Apartments' motion for summary judgment. It was not, and it is too late to do so now.