IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PARK CITY WATER AUTHORITY,        )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   CIVIL ACTION 09-0240-WS-N
                                   )
NORTH FORK APARTMENTS, L.P.,       )
et al.,                            )
                                   )
        Defendants.                )

ORDER

The Board defendants have filed a motion to deposit funds into the registry of the Court. (Doc. 130). The explanation given is that, when these defendants and the plaintiff settled their differences, the Board agreed to interplead $8,500, with the Court to dole out the money as the plaintiff satisfies certain undisclosed requirements that the settlement agreement establishes as prerequisites to its receipt of the funds.

The plaintiff's claims against the Board defendants were dismissed with prejudice on November 5, 2010, based on their settlement, with leave to reinstate the action within a certain time should the settlement agreement documentation not be consummated. (Doc. 105). The parties requested and received several extensions of this deadline, the last of which expired on January 12, 2011. (Docs. 126-27). The remaining balance of the case was dismissed on January 13, 2011, (Doc. 129), and the file has been closed. There is, in short, no pending action as to which funds may be interpleaded.

A federal court has no inherent power to enforce a settlement simply because it was reached in connection with a lawsuit in the federal forum. There must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Kokkonen v. Guardian Life*

[1]

*Insurance Co.*, 511 U.S. 375, 380-82 (1994). No independent basis for federal jurisdiction has been suggested[1] and, because the Court's order of dismissal did not purport to obligate the parties to comply with their settlement agreement or otherwise make breach of the settlement agreement a breach of the order, ancillary jurisdiction is lacking.

For the reasons set forth above, the motion to deposit funds is **denied**.

DONE and ORDERED this 24th day of January, 2011.

                                                                                   s/ WILLIAM H. STEELE
                                                                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Even if there were such a basis, a new lawsuit would have to be filed, since this one is defunct.